## LUFKIN LAND & LUMBER CO. v. MILLER.

(Court of Civil Appeals of Texas. April 1, 1911.)

PRINCIPAL AND AGENT (§ 123*)—AUTHORITY OF AGENT—EVIDENCE.

Evidence *held* insufficient to warrant a finding that S., in employing defendant to haul certain ties, acted for complainant within the scope of his authority, so as to render complainant liable for defendant's services.

[Ed. Note.—For other cases, see Principal and Agent, Dec. Dig. § 123.*]

Appeal from District Court, San Augustine County; W. B. Powell, Judge.

Suit by the Lufkin Land & Lumber Company against J. H. Miller to restrain the enforcement of an execution in which defendant moved to dissolve the injunction or for judgment against plaintiff for $14.03, in the alternative. From a decree perpetuating the injunction and rendering judgment against complainant for the amount demanded, complainant appeals. Reversed and rendered.

Mantooth & Collins and Davis & Davis, for appellant.

McMEANS, J. Appellant, Lufkin Land & Lumber Company, obtained from the district court of San Augustine county a writ of injunction restraining the appellee, J. H. Miller, and L. A. Nugent, justice of the peace of said county, and B. F. Nugent, constable, from selling a horse and mule belonging to appellant, which had been levied on under an execution issued out of the justice court upon a judgment which appellant claimed to be void. Appellee, Miller, moved to dissolve the injunction, and prayed that in the event the court should hold that the justice court judgment was void, and the injunction should be perpetuated, then that he have judgment in the district court for $14.03, being the amount for which the judgment was rendered in his favor against the appellant in the justice court. Upon hearing in the district court before the judge without a jury, the judgment rendered in the justice court was held void and the injunction was perpetuated, and of this there is no complaint on this appeal. The district court also rendered judgment in favor of appellee, Miller, against the appellant, for $14.03, and it is from this judgment that this appeal is prosecuted.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

Appellant's first assignment of error is as follows: "The court erred in rendering judgment against the plaintiff for $14.03 in favor of J. H. Miller, because the judgment is not supported by the evidence, in that no witness testified that the plaintiff, or any of its lawful agents, ever contracted for, or that it in any way became liable on the contract sued on in the justice court by J. H. Miller, for $14.03, for which the judgment was rendered herein, which $14.03 was the original obligation of one Tom Scott and other tie makers to J. H. Miller, no witness having testified that the company was responsible for this obligation."

The transactions out of which this action arose were substantially as follows: Appellant, being the owner of land upon which there was timber suitable for making railroad ties, contracted with various parties for making ties, agreeing to pay them 19 cents for each tie delivered on its railroad at Hamburg; it being distinctly understood that the tie makers were to pay, out of the 19 cents per tie, for the hauling from the woods to the railroad. The appellant had agreed with the tie makers, as a matter of convenience to all parties, and in order to avoid confusion, to pay out of the sum due for making ties the amount the tie makers contracted to pay the haulers, provided the tie makers would report the names of the haulers, the number of ties hauled, and the price per tie to be paid. One Scott and two Slavonians made ties for appellant upon the terms above stated, and contracted with the appellee, Miller, to do the hauling for them. It was reported to appellant by Scott that Miller was to receive 4 cents per tie, and the number hauled by him was given. When the time for settlement with Scott and the others came, appellant deducted from the amount due them 4 cents for each tie hauled by Miller, and this amount it paid to him by its check. Miller then claimed that he had contracted with Scott for 5 cents for each tie hauled, and asked of appellant's agent, who made the settlement, where his other 1 cent per tie was to come from. Appellant's agent then told Miller that if Scott, who was present, would authorize it, he would deduct the amount from the sum due Scott and pay it to him. Scott refused to allow this, and he and Miller then conferred, and then walked away together, and no demand for the additional cent was thereafter made by Miller upon appellant, other than filing the suit in the justice court for the amount.

The evidence justifies the conclusion that Scott had agreed to pay appellee 5 cents for each tie hauled by him. The agreement relied upon by appellee to hold the appellant liable for hauling, as he himself testified, was as follows (we quote all his testimony that is material on this issue): "Q.

Did you at any time ever haul any ties for the Lufkin Land & Lumber Company in this county? A. Yes; I say Lufkin Land & Lumber Company—I hauled ties for Tom Scott and two other men I did not know. They were making ties for the Lufkin Land & Lumber Company, and I hauled ties for them. I went to La Croix first. The two men I hauled the ties for were getting out ties for Lufkin Land & Lumber Company. At the time I hauled the ties, I thought the Lufkin Land & Lumber Company was going to pay me for them. Mr. Scott told me that they were to pay 5 cents. The other two men said they would give the same price. I went to La Croix and asked him about it—about the haul. I met him at the office, and asked him about it, and he said they wanted haulers, and I asked him what they would give, and he said he would not price it, but whatever they said was all right, and I went to the men, and they said they would give me 5 cents. The check was sent to me by the Lufkin Land & Lumber Company and was paid off by Mr. Stein. I spoke to La Croix about hauling some ties, and he told me to go to Mr. Scott about it, and whatever trade I made it would be all right. I went to see Scott, and he said he would give me 5 cents to haul the ties. Mr. Scott made the trade for the two other men also. The Lufkin Land & Lumber Company, nor Mr. Gray, nor Mr. Henry, nor any one else ever told me anything except what La Croix told me—to go to them. I think I told Mr. Henry that those fellows were to give me 5 cents for hauling ties, and I think Gray was in the office at the time I told him." The La Croix mentioned in this witness' testimony was appellant's woods foreman, whose duties in no way connected him with appellant's tie making business further than to show the tie makers the timber from which the ties were to be made.

We think the testimony quoted, which was the only testimony introduced to prove appellee's contract with appellant for hauling, was wholly insufficient to establish the existence of any such contract, or to show liability on the part of appellant to pay him the additional amount which he claimed in this suit, especially when taken in connection with his words and actions at the time he was settled with by Scott and the appellant. The trial court based its conclusion upon the view that Scott, in employing Miller, was acting as appellant's agent and within the proper scope of his agency; but in view of the evidence in the record this view is wholly untenable.

Because the evidence shows no liability upon the part of appellant for the amount of appellee's demand, the judgment of the court below is reversed, and judgment here rendered for appellant.

Reversed and rendered.